IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ricky Lamar Turner,  )
    Plaintiff,  )
        )
v.  )    1:12cv432 (TSE/TCB)
        )
William C. Smith, et al.,  )
    Defendants.  )

MEMORANDUM OPINION

Ricky Lamar Turner, a Virginia inmate acting pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, accompanied by a request to proceed in forma pauperis. Plaintiff alleges that his constitutional rights were violated when his personal property was not transported with him when he was transferred from one institution to another, and because he is now charged a daily room and board fee. After careful review, the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which § 1983 relief is available.[1]

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

## I.

Plaintiff alleges that on November 1, 2011, he was transferred from the Northwestern Regional Adult Detention Center ("NRADC") to Western Tidewater Regional Jail ("WTRJ") for a court appearance. Because this was "not to be 'overnight' movement" plaintiff packed all of his personal property, which he enumerates as his: "wedding band, shoe laces, books, bibles, hygiene items (shampoo, soap, deodorant, toothpaste, toothbrush. comb, brush, foot fungus medication, 8 stamped envelopes, pencils, etc.), pictures, portraits [he] draw[s], coffee, cups and various art work as and legal as well as religious research papers." Compl. at 5. However, Officer Vincent refused to allow plaintiff to take his property with him, and said that if plaintiff sent money the property would be shipped home. However, when plaintiff's mother called NRADC the following day, she was told that the property would not be shipped, and that she would have to come to pick it up within seven (7) days. Plaintiff states that his mother is seventy-five (75) years old, and that the round-trip drive from her home to NRADC is twelve (12) hours. Plaintiff asserts that he was "lied to" and that his constitutional rights were violated, because state prisoners held for more than 90 days after sentencing in local jails must be afforded the same treatment as inmates in Virginia Department of Corrections ("VDOC") facilities.

Plaintiff further alleges that he is "aggrieved" by the requirement that he pay a daily fee of $ 1.00 at WTRJ. Plaintiff explains that when money is received from outside sources half is applied to any outstanding balances, and half is available for his use for canteen or other personal needs. Plaintiff charges that this policy is arbitrary, because he was required to pay no such fee while he was housed at NRADC. Because plaintiff is not allowed to work at WTRJ, he has a negative balance in his inmate account, and he alleges that as a result his rights under the

Constitution, Virginia law, and VDOC procedures are violated. Plaintiff seeks an award of monetary damages, as well as issuance of an order "to guarantee property transfers."

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## III.

Neither component of plaintiff's complaint in this case states a claim for which § 1983

relief is available. Plaintiff's claim that he is entitled to damages under § 1983 because his right to due process was violated by the defendants' retention of his personal property is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Because plaintiff has

not alleged that he has been denied post-deprivation procedures to redress the loss of his property, he has not stated a constitutional claim. Whether plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment. Therefore, plaintiff's claim that his constitutional right to due process was violated by the alleged retention of his property by jail officials must be dismissed pursuant to § 1915A.[2]

Plaintiff's claim that the one-dollar daily fee he incurs at his present place of incarceration violates his constitutional rights fares no better. Several courts have considered the constitutionality of such fees charged by penal institutions, and have "consistently found no constitutional impediment" to such practices. See Tillman v. Lebanon Corr. Facility, 221 F.3d 410, 416 n. 3 (3d Cir. 2000); Waters v. Bass, 304 F. Supp.2d 802, 807- 08 (E. D. Va. 2004). In Waters, this Court reviewed a one-dollar daily fee charged to inmates at the Virginia Beach City Jail and found that it did not constitute cruel and unusual punishment or an excessive fine in violation of the Eighth Amendment. Id. The Court also rejected arguments that the fine violated the due process and equal protection guarantees. Id. at 809 - 12. Lastly, the Court found that the one-dollar fee was reasonably related to a legitimate penological interest. Id. at 812 (finding that the fee 1) served to defray taxpayer liability for the cost of incarcerating criminals, 2) engendered fiscal responsibility in inmates, and 3) likely contributed to the overall well-being of local inmate

---

[2] In deference to plaintiff's pro se status, he is hereby expressly advised that nothing stated here would preclude him from seeking relief for the retention of his property in a lawsuit filed in state court.

populations because the fees were used for general jail purposes).

Lastly, even if true, plaintiff's allegations that the daily fee he must pay violates Virginia law and VDOC policy and procedures states no claim for which § 1983 relief is available. See West v. Atkins, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States). Because the one-dollar room and board fee about which plaintiff complains does not constitute an issue of constitutional dimension, the claim must be dismissed pursuant to § 1915A for failure to state a claim.

## IV.

For the foregoing reasons, this complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief pursuant to § 1983. An appropriate Order shall issue.

Entered this 2nd day of May 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

6